THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MESSERLY CONCRETE, LC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>GCP APPLIED TECHNOLOGIES, INC., a Delaware corporation, and DOES 1-10,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART [14] MOTION TO COMPEL ARBITRATION OR STAY PENDING MEDIATION**<br><br>Case No.  1:21-cv-00074-DBB<br><br>District Judge David Barlow |

Before the court is Defendant's motion to compel arbitration or stay pending mediation.[1] Having considered the briefing and the relevant law, the court concludes the motion may be resolved without oral argument.[2] The court grants the motion to stay pending the conclusion of the mediation time period.

## BACKGROUND

Plaintiff entered into a ten-year License Agreement (Agreement) with Ductilcrete in 2013.[3] Defendant acquired Ductilcrete around 2017.[4] Plaintiff claims Defendant overbilled it for the standard square foot rate in using Defendant's products.[5] Plaintiff alleges Defendant violated

---

[1] ECF No. 14.

[2] *See* DUCivR 7-1(f).

[3] Complaint at ¶ 2, ECF No. 2; *see also* License Agreement, ECF No. 2-1.

[4] Complaint at ¶ 5.

[5] Complaint at ¶ 12.

the exclusive territorial rights provision of the Agreement by providing its products to other companies in Utah.[6] Plaintiff also alleges Defendant unilaterally terminated the Agreement or breached by not following certain provisions, and not providing notice and an opportunity to cure.[7]

Relevant portions of Section V of the Agreement related to resolution of disputes between the parties are detailed as follows:

1. It is the intention of the parties that, except as set forth in Paragraph V.5 below, any Controversy or Claim arising out of or relating to this Agreement, or the breach thereof (a "Controversy of claim"), *shall be resolved and finally* settled as follows:
    a. First, by negotiation between parties in accordance with Paragraph V.2.
    b. If such negotiation is not successful, the Controversy or Claim shall be mediated in accordance with Paragraph V.3.
    c. If such mediation is not successful, the Controversy or Claim shall be arbitrated in accordance with Paragraph V.4.
2. Either party may at any time give written notice to the other party of any Controversy or Claim that it wishes to resolve. Prior to any mediation or arbitration, the parties shall attempt, during the 20 day period following receipt of such notice by the recipient party, to resolve the Controversy or Claim by negotiations between themselves. Counsel for each of the parties may participate in those negotiations.
3. If the Controversy or Claim is not successfully resolved within the 20 day period referenced in Paragraph V.2 then either party may, at any time following the expiration of such 30 day period, request in writing that the Controversy or Claim be submitted to non-binding mediation. If either party requests mediation, the parties shall, within 15 days after such request, jointly appoint a mutually acceptable mediator. If the parties are unable to agree upon the appointment of a mediation within such 15 day period, either party may apply to a third party mediation service or person agreed to by the parties in writing, for the appointment of a mediation.
4. If the Controversy of Claim is not successfully resolved by mediation within 60 days after the recipient party's receipt of the request for mediation, then either

---

[6] Complaint at ¶¶ 22–38.

[7] Complaint at ¶¶ 39–41; 72–80.

      party, may, at any time following the expiration of the 60 day period, initiate arbitration for the purpose of finally setting (sic) such Controversy or Claim. Such arbitration shall be conducted in Chicago, Illinois, *in accordance with the rules of the American Arbitration Association* as then in effect.

5. …Except as otherwise provided in this Paragraph V.5, the procedures set forth in Paragraphs V.1, 2, 3, and 4 *shall be the exclusive means* of resolving any Controversy or Claim.

(Emphases added).

## LEGAL STANDARD

The Supreme Court has determined that "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*. To satisfy itself that such agreement exists, the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce. Where there is no provision validly committing them to an arbitrator, these issues typically concern the scope of the arbitration clause and its enforceability."[8] In ruling on a motion to compel arbitration, "courts must resolve 'whether the parties are bound by a given arbitration clause' and 'whether an arbitration clause in a concededly binding contract applies to a particular type of controversy.'"[9] The Tenth Circuit has made it clear that "the question of *who* should decide arbitrability precedes the question of *whether* a dispute is arbitrable."[10]

---

[8] *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 298 (2010) (emphasis in original) (internal citations omitted).

[9] *Beltran v. AuPairCare, Inc.*, 907 F.3d 1240, 1250 (10th Cir. 2018) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)).

[10] *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1281 (10th Cir. 2017) (emphases in original).

## DISCUSSION

As required, the court first determines who may determine the arbitrability of the Agreement.[11] While the parties dispute certain "riders" to the Agreement, they do not dispute the validity of the Agreement or that the parties properly entered into the Agreement. Further, there is no argument that the dispute resolution section of the Agreement is unenforceable or otherwise invalid.[12]

Section V.4 of the Agreement incorporates the AAA Rules. AAA Rule 7(a) provides, "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or the arbitrability of any claim or counterclaim."[13] Defendant argues this requires an arbitrator, not the court, to make determinations regarding the arbitrability of the agreement.

The Tenth Circuit has addressed similar circumstances to determine whether an agreement properly incorporates rules from a dispute resolution organization. For instance, in *Belnap*, the Tenth Circuit determined that incorporation of a dispute resolution organization's rules into an agreement is sufficient.[14] The Tenth Circuit held that the "JAMS Rules are

---

[11] *Id.*

[12] As discussed below, Plaintiff argues Defendant repudiated the agreement but does not dispute that the parties entered into a valid agreement. *See e.g.*, Plaintiff's Opposition at 1–3, ECF No. 20.

[13] Motion at 7, ECF No. 14; *see also* American Arbitration Association, Commercial Arbitration Rules and Mediation Procedures, https://www.adr.org/Rules.

[14] *Belnap*, 844 F.3d at 1281–82 (emphasis in original) (discussing a relevant agreement that provided that "the arbitration shall be administered by JAMS and conducted in accordance with its Streamlined Arbitration Rules and procedures").

incorporated into the Agreement as default rules."[15] Because the JAMS Rules "clearly answered the 'who' question by designating the arbitrator as the person to determine questions of arbitrability," the Tenth Circuit concluded that the parties "clearly and unmistakably intended for an arbitrator to decide issues of arbitrability."[16]

And even more specifically, the Tenth Circuit has determined that incorporation of the AAA and its rules shows a clear and unmistakable intent to have an arbitrator decide arbitrability.[17] In *Dish Network*, the relevant arbitration agreement provided that "A single arbitrator engaged in the practice of law from the American Arbitration Association ('AAA') shall conduct the arbitration *under the then current procedures* of the AAA's National Rules for the Resolution of Employment Disputes ('Rules')."[18] The Tenth Circuit noted that Rule 6(a) of the Rules provides that "the arbitrator shall have power to rule on his or her own jurisdiction including any objections with respect to the existence, scope or validity of the agreement."[19] The Tenth Circuit was "persuaded that the broad language of the Agreement and incorporation of the Rules clearly and unmistakably shows the parties intended for the arbitrator to decide all issues of arbitrability."[20]

---

[15] *Id.*

[16] *Id.* at 1283.

[17] *Dish Network L.L.C. v. Ray*, 900 F.3d 1240 (10th Cir. 2018).

[18] *Id.* at 1242 (emphasis added).

[19] *Id.* at 1245 (quoting AAA, Employment Arbitration Rules and Mediation Procedures (effective Nov. 1. 2009), Rule 6(a)).

[20] *Id.*

Similarly, Section V.4 of the Agreement here incorporates the AAA's rules. And, as cited by Defendant, and not disputed by Plaintiff, this rule provides that an arbitrator must decide arbitrability. The language in Section V.4 closely resembles that in *Dish Network*. Accordingly, because the parties incorporated the AAA's rules in the Agreement, and AAA Rules provide that an arbitrator decides issues of arbitrability, the court finds the parties clearly and unmistakably intended for an arbitrator to decide issues of arbitrability."[21]

Plaintiff argues that that Defendant repudiated the Agreement and, therefore, cannot now seek to compel arbitration.[22] Plaintiff does not cite to any binding authority to support this proposition.[23] This is an insufficient basis to ignore the terms of the Agreement. This dispute involves the parties' duties under the Agreement. Plaintiff claims that Defendant breached those duties by not giving notice or allowing time to cure and otherwise terminating the Agreement prior to the 10-year commitment. Such a controversy is covered by Section V of the Agreement.

The Agreement provides a procedure for the exclusive means of resolving disputes arising out of or relating to the Agreement.[24] The parties are in step two of their contractual dispute resolution process. On June 14, 2021, Defendant invoked the mediation provisions in the License Agreement.[25] On June 30, 2021, Defendant filed a

---

[21] *Belnap*, 844 F.3d at 1283.

[22] Plaintiff's Opposition at 4, ECF No. 20.

[23] Opposition at 4–7.

[24] Agreement at V.1, V.5.

[25] Declaration of Robert H. Scott, ECF No. 14-1 at ¶ 4. The motion to compel, relying on the declaration, provides that Defendant served a demand for mediation on Plaintiff on June 13, 2021. Motion at ¶ 15. The court relies on the date as provided in the declaration to calculate the sixty-day period.

submission to mediation form with the American Arbitration Association (AAA).[26]

Section V.4 of the License Agreement provides for a sixty-day period before arbitration can occur. This sixty-day period is set to expire on August 13, 2021. And if mediation is unsuccessful, either party may initiate arbitration under the terms of the Agreement.

## ORDER

Based on the reasoning above, Defendant's motion to stay the case pending mediation is GRANTED. The case is stayed until August 13, 2021 pending the conclusion of the mediation time period. The parties are further ordered to provide notice to the court by 5 p.m. on August 16, 2021 as to the status of the mediation and any request for arbitration that has been submitted.

Signed July 26, 2021.

_____
David Barlow
United States District Judge

---

[26] Defendant's Reply at 11, ECF No. 24.